## HARRISON et al. vs. THE STATE.

CONTEMPT:    *Charging judge with prejudice.*

Prejudice of a judge is no ground for a motion for new trial; and for attorneys to insert in a motion for new trial that the judge before whom it was tried was "so prejudiced against the defendant that he did not give him a fair and impartial trial," and to file also their affidavit reaffirming the same charge, is a contempt of the court.

WRIT OF CERTIORARI to *Yell* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.
*Harrison, May,* for plaintiffs.
*Henderson, Attorney General, contra.*

EAKIN, J.   Plaintiffs sued out from this court a writ of *certiorari* to the circuit court of Yell county, Dardanelle district, to bring up the record of proceedings, and quash a judgment rendered against them for contempt.

It appears from the return that there was pending in said court, and in progress, a certain criminal case of the state against S. L. Tucker, indicted for rape, in which there had been a trial and verdict.

On the twelfth of February, 1880, said defendant appeared in person and by his attorneys, and filed a motion for a new trial.

The record shows also, that next day came said defendant

in person and by attorneys, and filed the joint affidavits of these petitioners, to-wit: Joseph G. Harrison, William N. May, J. P. Byers and H. W. Walker, in support of the twenty-third ground of the motion.

Then follows on the same day the following entry:

" STATE OF ARKANSAS,  
           against $\left.\vphantom{\begin{matrix}1\\1\\1\end{matrix}}\right\}$ Contempt.  
JOSEPH G. HARRISON, WILLIAM N. MAY, J. P.  
  BYERS, H. W. WALKER.

"Now, on this day the court doth assess a fine of fifty dollars each against Joseph G. Harrison, William N. May, J. P. Byers and H. W. Walker, for a contempt, committed as follows, viz.: The said Joseph G. Harrison, William N. May, J. P. Byers and H. W. Walker, being attorneys at law, employed on the side of the defense in a cause pending in this court, wherein the state of Arkansas is plaintiff and S. L. Tucker, indicted by the name of Clint. Tucker, is defendant, and the said attorneys, on filing a motion for a new trial in said cause, stated as one of the grounds of said motion as follows, to-wit: 'No. 23. Because the judge of this court, in which the prosecution was had herein, was so prejudiced against this defendant that he did not give him a fair and impartial trial;' and afterwards subscribed to an affidavit reaffirming said statement, which the court doth consider a contempt, and doth assess the fines above stated.

" It is, therefore, considered and adjudged by the court, that the state of Arkansas have and recover of and from the said Joseph G. Harrison, William N. May, J. P. Byers and H. W. Walker, the sum of fifty dollars each, as for fine, and all her costs in this behalf laid out and expended, and have execution therefor."

It is sufficiently apparent from this record that the acts

Harrison et al. vs. The State.

of the attorneys, so considered as contemptuous, were done by them in the progress of the business of the court; and as the judgment immediately followed without any intervening recess, after the filing of the affidavits, their presence is sufficiently shown. Their duty as attorneys required them to be present, and it should have been affirmatively shown that they, or some of them had left the court, or were actually not present when the papers were filed, if it had been meant to rely upon any such objection. Whether or not a contemptuous paper, signed by an attorney in the cause, and filed by some other person for him in his absence, would be constructively considered as done by the attorney in the presence of the court, is a question which the record does not present. There are weighty reasons for holding that he could not avoid summary proceedings in that manner. It would certainly require a very clear *affirmative* showing to the effect that the act was unauthorized by the attorney, to shield him from summary process. Otherwise, where the record shows that the attorneys appeared and filed papers, it will be understood that they were corporally present.

For such contempts, no notice is necessary, nor rule to show cause, in order to punish. The very existence of the courts requires that it should be able to act promptly and decisively.

1. CONTEMPT: Charging judge with prejudice. Was it contemptuous in attorneys to allege, publicly, such a ground for new trial, and to support it by affidavits? We would not inquire nicely into this, even if there were any room for doubt. The presiding judge can, better than we, estimate the manner, spirit and intention of acts done in the presence of the court. Things in the light of surrounding circumstances, not apparent upon the record, might be grossly insulting and tend to destroy respect for

Harrison et al. vs. The State.

judicial action, which, to this court, might seem indifferent. In all systems of government, whatever their checks or balances, there must be reposed somewhere a discretion which may be abused. It can not be more safely reposed than in judges learned in the law and elected by the free voters of large districts.

If the discretion be plainly and palpably abused, this court has the power, and would not hesitate, to correct the misconduct of an inferior court, but where there is not plain and apparent abuse of authority in matters of contempt, this court ought not to interfere. This court recognizes for itself a duty to the circuit courts, which it requires of all attorneys and officers—that of upholding their authority and enforcing for them that respect and submission from all the community, so essential to the peace of society, the protection of property, and the progress of civilization. They, the circuit courts, are the efficient means of dispensing justice—the only courts of original jurisdiction upon which the people depend; and if they fall into general contempt, society and government will be at an end. Hence this court can not trammel them by any close criticism of their judgments for contempt. It would strike a fatal blow at their power of self-protection, humiliate the judges, and deter the best men from accepting such positions. For unworthy judges the best and only antidote is, impeachment or the vote of the people.

But this is not a doubtful case. Prejudice of the judge is no ground for a new trial, and it was not the duty of the attorneys to assert it as such. If the judge had erred in his rulings, or been guilty of any impropriety of conduct injurious to their client, the attorneys should have alleged that respectfully, but firmly and fearlessly. Within the

2. NEW TRIAL: Prejudice of judge no ground for.

Harrison et al. vs. The State.

scope of their privileges and in discharge of their duties, this court has ever, and will continue, to protect attorneys against wanton or insulting conduct of the judges. But the duties between bench and bar are reciprocal, and attorneys ought to remember that any unnecessary insult to the judge tends to degrade, in public estimation, the tribunal from which they, themselves, derive the dignity and respect due to their own profession.

These attorneys could not have reasonably expected any good to their client from such a motion, aggravated by their own sworn affidavits, and addressed to the same judge whose judicial character and temperament they were impugning. It tended to make the public believe that justice was not impartially administered, and to produce dissatisfaction, leading to anarchy and confusion. It will be a sad day for our state when the people have the authority of the attorneys for saying that they can not resort to the courts for justice. Nothing will be left them but to compromise with wrong, or take the enforcement of their rights in their own hands.

What provocation these attorneys may have had, or how well founded their reasons may have been for such a motion, we can not determine. That concerns them as men and citizens. It is enough to say that they were plainly in contempt of the court, and the action of the judge must be sustained.

Affirm the judgment.