## *Ex parte* CHASTAIN.

### Opinion delivered April 25, 1910.

1. CONTEMPT—REVIEW ON CERTIORARI.—Upon certiorari to review a judg-ment imposing a fine for contempt of court the judgment will be af-firmed where it recites that the fine was imposed "on account of lan-guage and conduct in open court" but fails to set forth the particu-lar language or conduct which constituted the contempt. (Page 559.)

2. SAME—REVIEW ON CERTIORARI—PROCEDURE.—One who desires to have a judgment of the circuit court imposing a fine for contempt reviewed on certiorari should ask the trial court to recite the facts in the judgment, and, in the event of refusal, should bring them into the record by bill of exceptions. (Page 559.)

Certiorari to Sebastian Circuit Court; *Daniel Hon,* Judge; affirmed.

Appellant, *pro se.*

The commitment is illegal, irregular and void.    Kirby's Dig. § 723.   The judgment should contain a statement of the facts constituting the contempt.   73 Ark. 358.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

The grounds of the contempt need not be stated.   5 Ired. Law, 149; 73 Ark. 358; 14 East 1; 5 Dow. 199; 3 B. & Ald. 420; 11 Adol. & El. 273; 9 Adol. & El. 1.   Contempt judgments were not reviewable at common law.   22 Ark. 149.

McCULLOCH, C. J.   Petitioner brings up by certiorari for review a judgment by the circuit court of Sebastian County, Fort Smith District, adjudging him and another person to be in contempt of the court "on acount of language and conduct in open court," and imposing a fine of $10 as punishment for the contempt.

The above-quoted statement of the case is taken from the judgment of the court, and it is all which tends to describe the alleged contemptuous conduct.   It is insisted that the judgment is void because it fails to set forth the particular language or to describe the conduct adjudged to be contemptuous.   The court should have stated in its judgment the facts constituting the contempt; but the absence of such statement does not render the judgment void.   Ex parte *Davies,* 73 Ark. 358; Ex parte *Summers,* 5 Iredell, Law, 149.

Petitioner should have asked the court to recite the facts in the judgment, and, in the event of refusal, the facts could have been brought into the record by bill of exceptions.   Having failed to do that, he has left nothing to be said in support of his attack on the validity of the judgment.

The prayer of the petition is therefore denied, and the judgment is affirmed.