## WHORTON v. HAWKINS.

Opinion delivered October 7, 1918.

1. JUDGMENT—CONCLUSIVENESS.—Where a court had jurisdiction to render a decree, the fact that the decree was erroneous would not excuse disobedience on the part of those bound by its terms until it was reversed.

2. CONTEMPT—MODE OF REVIEW.—Review of a final judgment in a proceeding for contempt of court is by certiorari; and not by writ of error or appeal.

Appeal from Madison Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

### STATEMENT OF FACTS.

On the 8th day of February, 1918, a citation issued out of the chancery court of Madison County upon appellant, J. P. Whorton, commanding him to appear in that court on February 12, 1918, and show cause why he had not paid to the commissioner of that court the sum of $425.96, which sum the court at its August term, 1917, had ordered its commissioner to pay to appellee, Rebecca A. Hawkins, out of the moneys held by appellant for the commissioner as in pursuance of the above decree in the case of *Rebecca A. Hawkins* v. *W. E. Danner et al.* The citation was duly served, and the appellant filed his response in which he set up, (1) that he should not be required to pay the sum mentioned in the citation for the reason that no judgment had been rendered against him in the cause mentioned in the citation and no order of the court had been made requiring him to do so, and that there was no finding of the court that appellant had in his hands the sum mentioned; (2) that he had no money in his hands or possession belonging to the estate of R. B. Newman, deceased, or arising from the sale of real estate belonging to said estate; (3) that he held a mortgage against the lands of R. B. Newman which constituted his homestead, and had brought a suit for foreclosure against the children and heirs of R. B. Newman, one of whom, Earl Newman, was a minor 11 years of age; that after the foreclosure there was a balance in his hands belonging to the

estate of R. B. Newman of $2,069; that respondent had purchased the interest of all the heirs in the homestead except the minor, Earl Newman; that in the foreclosure suit the court decreed that respondent was entitled to two-thirds of the surplus, and Earl Newman, the minor, was entitled to one-third; that at the August term, 1914, of the chancery court one W. E. Danner, guardian of Earl Newman, the minor, filed his petition praying the court for an order authorizing Alfred Hawn, the clerk of the court, to pay over to W. E. Danner as guardian of Earl Newman, as his part of the surplus from the sale of the homestead, the sum of $700; that the court entered a decree ordering such sum to be paid to the guardian, and the respondent, Whorton, was by the decree released from further payment, and the commissioner was authorized and did turn over to the respondent the balance of the surplus in his hands and took respondent's receipt therefor.

Respondent alleged that the surplus remaining from the sale of the homestead, therefore, was no longer a fund in the hands of the court, but was the absolute property of respondent. He further alleged that in the event the court should hold that the surplus from the sale of the mortgage was subject to the payment of the debts of the estate of R. B. Newman, the amount of $700 of such surplus which had been paid to the guardian of Earl Newman was also subject to the payment of the debts of R. B. Newman and should bear its proportion in the payment of same, and that respondent could not be required to pay the amount until he arrived at his majority and that he was then 18 years of age. He further alleged that appellee, Rebecca A. Hawkins, never had made any payment of any kind against the estate of R. B. Newman. He therefore prayed that the citation be discharged.

The commissioner's report showed substantially the facts as set up in the response to the citation, that he had been directed by the chancery court of Madison County to pay over the sum of $700 to the guardian of Earl Newman, which he had done and taken his receipt therefor, and

that he had taken a receipt of J. P. Whorton for the balance of the surplus as a settlement in full of the judgment held by J. P. Whorton against the other heirs of R. B. Newman's estate. He reported that, in making the settlement with Whorton, the respondent, he had acted upon the advice and agreement of the court and counsel for all the parties in the original case of Whorton v. Ben and Earl Newman.

The original decree in the case of Rebecca A. Hawkins v. W. E. Danner, guardian of Earl Newman and Joseph Whorton, rendered at the August term, 1917, was introduced and contains the following recitals: ''On this day, this cause coming on to be heard upon the complaint of the plaintiff and the answer of the defendant, Joseph Whorton, from which the court finds; that the defendants, Earl Newman and Joseph Whorton, have each been served with personal service for the time and in the manner required by law. The court further finds that Joseph Whorton, who is the owner of the R. B. Newman homestead, has in his hands and possession the sum of $1,369.04 or rather that said sum is in the hands of the commissioner of this court due the said Joseph Whorton, and that the same is the proceeds of the homestead of Earl Newman, the sum arising from the sale of the foreclosure of a mortgage upon said homestead, which mortgage was held by the said Joseph Whorton. The court further finds that Rebecca A. Hawkins is the owner of a judgment against the estate of R. B. Newman, deceased, which judgment was rendered by the probate court of Madison County, Arkansas, in the total sum of $328.56 with interest thereon from the day of ........................, 1906, amounting to the total sum of $732.70, which said amount is a lien against the surplus of the proceeds of the said mortgage sale, which surplus is $1,369.04. The court further finds that the defendant, Joseph Whorton, is the owner of probated claims against the estate of R. B. Newman, deceased, in the total sum of $1,617.81, which amount is also a lien against the surplus from the proceeds of the said homestead sale. The court further finds that the

said Rebecca A. Hawkins and Joseph Whorton are entitled to share in said surplus to the amount of their respective claims against said homestead, and that the said Rebecca A. Hawkins is entitled to recover the sum of $425.96.

It is therefore by the court considered, ordered, adjudged and decreed that the said sum of $425.96 be and the same is declared a lien on the said sum of $1,369.04 in the hands of the commissioner of this court together with the costs of this suit, and the commissioner of this court is ordered to pay said amount of $425.96 to the said Rebecca A. Hawkins.''

The court refused to allow further proof to be introduced on the issue made by the citation and response thereto ''on the ground that all the matters alleged in the response were fully adjudicated between Rebecca A. Hawkins and the said J. P. Whorton in this action at the August term, 1917, of this court and that the decree of the court entered thereon and that the full rights of said Rebecca Hawkins and the said J. P. Whorton to the $1,369.04 involved herein, were fully adjudicated in said decree. That said Whorton prayed and was granted an appeal to the Supreme Court of Arkansas, and the said Rebecca A. Hawkins prayed and was granted a cross-appeal, and the court finds that no appeal has been perfected by either party. And the court further finds that said Whorton is by said decree bound for the payment of $425.96 adjudged to Rebecca A. Hawkins and cost accruing in said matter.'' The court therefore entered a decree dismissing the appellant's response for want of equity and ordered the appellant to pay Alfred Hawn, the commissioner, within 30 days the sum of $425.96, from which decree is this appeal.

*H. G. Combs,* for appellant; *J. B. Harris* and *J. S. Combs,* of counsel.

1. Appellant was not permitted to introduce any proof in support of his response. If appellee had any remedy it was by proceeding to modify the judgment. The court committed judicial error when it found that the

surplus was in the hands or possession of Alfred Hawn. 15 Standard Enc. of Proc. 123-4 and notes. It was error to cite appellant to show cause and order him to pay over. There was no judgment against him nor finding that he had said sum in his hands, and he had not.

*W. N. Ivie,* for appellee; *W. H. Spencer,* of counsel.

1. The order is not a final judgment. 3 C. J. 512; 44 Ark. 141; 3 C. J. 517, 518. There is no appeal from such an order.

2. Courts have inherent power to enforce their judgments and orders. 99 Ark. 163. Appeal is not the proper remedy, but certiorari. 78 Ark. 262; 14 *Id.* 538.

3. But this case is controlled by 80 Ark. 579. The court had jurisdiction and the parties are bound by the order. 80 Ark. 579; 86 *Id.* 140. There is no merit in this appeal.

WOOD, J., (after stating the facts). The decree of August 14, 1917, in which the appellee and the appellant were parties was *res adjudicata* on the matters set up by the appellant in his response to the citation. In that case the decree of the court was tantamount to a judgment in favor of the appellee against appellant for the sum of $425.96, which sum appellant was ordered to pay over to the commissioner appointed to carry out the original decree of foreclosure. If the decree in that case was erroneous, the appellant could and should have had the same corrected on appeal or in some other manner which involved a direct attack on that decree. The citation herein was but a process to enforce that decree which had not been annulled in any manner provided by law.

In *Meeks v. State,* 80 Ark. 579, we held: "Where a court had jurisdiction to render a decree, the fact that the decree was erroneous would not excuse disobedience on the part of those bound by its terms until it was reversed." The citation herein is in the nature of a direct proceeding against the appellant for contempt for disobedience of the orders of the chancery court, and ap-

pellant's remedy against a final judgment or order based upon such process was not by writ of error or appeal, but by certiorari. *Cossart* v. *State,* 14 Ark. 528; *Ex parte Butt,* 78 Ark. 262. But the record is before us and treating it as on certiorari, it does not appear that the court erred in its decree, and the same is therefore affirmed.

HUMPHREYS, J., not participating.