DELMERAY JOHNSON *v.* LAVERNE CORINE JOHNSON

5-4360                                              421 S. W. 2d 605

Opinion delivered December 4, 1967

[Rehearing denied December 18, 1967.]

*Roy Finch Jr.,* for appellant.

*Jones & Stratton,* for appellee.

John A. Fogleman, Justice. This is an appeal from an order of the chancery court denying appellant's motion to dismiss a divorce action and holding him in contempt of court.

The parties had lived together in Little Rock until early July 1966 when the wife left and went to Faulkner County where she filed the suit on July 12, 1966. She took their children with her and obtained employment in Conway. Appellant was served with summons in Pulaski County and filed an answer and an amended answer. In the latter pleading he admitted appellee's allegation of residence in Faulkner County, denying only the alleged grounds for divorce. Appellant came to Conway where appellee was living on December 11th and the parties lived together as husband and wife in a house she had rented until December 16th when a hearing on her divorce petition had been scheduled. Appellee says that appellant asked her every night when he came home from work if she had called off the divorce action. On

December 16th at 8:45 A.M. she called her attorney, told him they "had gone back together" and asked that the case be dismissed. She said that appellant had asked her to take him back and that she did on his promise to be a husband to her and a father to the children. She asked dismissal of the suit on the basis of this promise. Appellant appeared in court on December 16th and represented that the parties had reconciled and that he had moved to Conway. The court then made a docket entry showing the case dismissed. Appellant testified that he left the courtroom about 11 A.M., went back to the house where he stayed a few minutes, and then went to Little Rock where he called his present attorney[1] about 2 P.M. Thereafter a divorce suit was filed in his behalf in Pulaski County and a summons was served on appellee about 4 P.M. when she returned home from work. Appellant's only explanation for these actions was: "I just got to thinking about it and decided I wasn't happy and decided to contact my attorney."

The chancellor, by order made on December 28th during the same term of court, vacated the December 16th docket entry. He also ordered appellant to show cause on January 6, 1967 why temporary support orders should not be reinstated and why he should not be adjudged in contempt. On that date appellant appeared and filed a motion to vacate the order of December 28th and reinstate that of December 16th, alleging that appellee was not a resident of Faulkner County and that the Pulaski Chancery Court had jurisdiction of the subject matter and the parties. After a hearing on February 10th, the trial court denied the motion to vacate, reduced the amount previously fixed for child support payments, and held appellant in contempt of court. The order provided for a sentence of thirty days in jail and a fine of $100.00, both of which were suspended. Appellant gave notice of appeal from the court's order and

[1]His present attorneys were not representing him in the Faulkner County proceeding at that time. Appellant states that he first tried to contact the attorney who was representing him but was unsuccessful.

stated alternatively that he would ask this court for a writ of prohibition against the trial court from further proceeding in this matter because of jurisdictional questions. Appellant, however, has proceeded by appeal, seeking reversal of the action of the trial court and dismissal of the action. He has not asked for a writ of prohibition here.

The order of the trial court on appellant's motion is not a final judgment and not appealable. For a judgment to be final and appealable, it must in form or effect: terminate the action; operate to divest some right so as to put it beyond the power of the court to place the parties in their former condition after the expiration of the term; dismiss the parties from the court; discharge them from the action; or conclude their rights to the matter in controversy. *City of Batesville* v. *Ball,* 100 Ark. 496, 140 S. W. 712; *Piercy* v. *Baldwin,* 205 Ark. 413, 168 S. W. 2d 1110. This court has consistently followed this rule. In *State to Use of Ashley County* v. *Riley,* 194 Ark. 485, 107 S. W. 2d 548, an order of a trial court requiring a plaintiff to proceed on an amendment to his complaint, rather than on the original complaint, was held not appealable. An order of a circuit court remanding a case to the Workmen's Compensation Commission for further development of facts was held not to be a final or appealable order. *C. H. Nolan Lumber Co.* v. *Manning,* 241 Ark. 422, 407 S. W. 2d 937. An appeal will not lie from an interlocutory order relating only to some question of law or matter of practice in the course of the proceeding, leaving something remaining to be done by the court entering the order or by some court having jurisdiction to entertain the same and proceed further therewith. *City of Batesville* v. *Ball,* supra.

Even if we treat appellant's motion as one to dismiss the action for want of bona fide residence of appellee, as the learned trial judge apparently did, the order is not appealable. *Wicker* v. *Wicker,* 223 Ark. 219, 265 S. W. 2d 6. Furthermore, appellant's position would

not be helped if we treated his appeal as a petition for a writ of prohibition. Where there is a dispute as to domicile in a divorce action, prohibition is not the proper remedy to test the correctness of a denial of a motion to dismiss. *Clement* v. *Williams,* 227 Ark. 199, 297 S. W. 2d 656. Nor is it appropriate in any case where more than one inference might be drawn from the testimony. *Coley* v. *Amsler,* 226 Ark. 492, 290 S. W. 2d 840.

Appellant has also mistaken his remedy on that part of the order holding him in contempt of court. The proper remedy is by certiorari and not appeal. *Ex Parte Butt,* 78 Ark. 262; 93 S. W. 992; *Whorton* v. *Hawkins,* 135 Ark. 507, 205 S. W. 901; *Ex Parte Johnston,* 221 Ark. 77, 251 S. W. 2d 1012.

This order fails to state the facts constituting the contempt as it should. *Ex Parte Davies,* 73 Ark. 358, 84 S. W. 633. This failure does not render the judgment void, but the failure of the alleged contemner to ask that they be recited prevents review on certiorari. *Ex Parte Chastain,* 94 Ark. 558, 127 S. W. 973. Even if we said that these deficiencies were supplied by reason of the fact that the entire record in the case was designated and brought up, there is no basis for relief to appellant. The order itself discloses that the punishment for contempt was suspended. From the record, it does not appear that the suspension was merely a postponement of sentence so it amounts to complete remission in case of criminal contempt such as this. *Stewart* v. *State,* 221 Ark. 496, 254 S. W. 2d 55. Thus, this question is moot.

The appeal is dismissed.