FROLIC FOOTWEAR, INC *v.* STATE of Arkansas

CR 84-216                                        683 S.W.2d 611

Supreme Court of Arkansas
Opinion delivered February 4, 1985

*Barrett, Wheatley, Smith & Deacon,* by: *J.C. Deacon,* for petitioner.

*Steve Clark,* Att'y Gen., by: *E. Jeffery Story,* Asst. Att'y Gen., for respondent.

GEORGE ROSE SMITH, Justice. Frolic Footwear, Inc., asks us to set aside a $100 fine for contempt of court.

At the trial of a civil case in the Craighead Circuit Court a juror asked to be excused because she would suffer a hardship if forced to accept a juror's daily fee of $10 instead of her wages as an employee of the petitioner. Act 425 of 1983 provides in part: "No employer shall subject an employee to discharge, loss of sick leave, loss of vacation time, or any other form of penalty on account of his or her absence from employment be reason of jury duty." Ark. Stat. Ann. § 39-103 (Supp. 1983). The presiding judge, relying on the act, assured the juror that she would suffer no net loss as a result of her service. The juror was accepted and served for three days.

This contempt proceeding arose as a result of the juror's application to Frolic Footwear for her net loss in pay during the three days. The company investigated the question and decided that it was not legally required to pay an employee during her absence on jury duty. Judge Pearson then cited the company to show cause why it should not be punished for criminal contempt of court. At the ensuing hearing the company's counsel called the court's attention to the legislative history of Act 425. As introduced, the bill contained three additional words, which we have italicized, in the clause quoted above and in another similar clause: "No employer shall subject an employee to discharge, *loss of pay,* loss of sick leave," etc. In the course of passing the bill, the legislature amended it to strike out the words "loss of pay" in both places. House Journal, 1983, Vol. 3, p. 2198. Judge Pearson had not been aware of that legislative history, but he decided that the reference to loss of pay was superfluous, because that loss would be included in the accompany general language, "or any other form of penalty." He fined Frolic Footwear $100 for contempt. After timely notice of

appeal the record was lodged in the Court of Appeals, which transferred the case to us as presenting an issue of statutory construction. Rule 29 (l) (c). Counsel have styled the case as a petition for certiorari, that being our traditional method of reviewing a conviction for contempt.

We cannot agree with the trial court's decision. Our basic rule of statutory construction is to give effect to the intention of the legislature. Since the legislators specifically deleted the words, "loss of pay," we find it impossible to believe that they really meant for that deletion to be meaningless. In fact, in a practically identical case, which was not called to the trial judge's attention, we so held. *Moorman* v. *Taylor,* 227 Ark. 180, 297 S.W.2d 103 (1957). That case governs this one.

In closing, we add a word for the future. Our fixed practice of reviewing contempt cases by certiorari is an anomaly now that Rule 3 of our Rules of Appellate Procedure declares that the mode of bringing up a judgment, decree, or order for review "shall be by appeal." Our certiorari procedure crept into the law in a series of contempt cases spanning 100 years. In 1854 we refused to review an appeal from a conviction for criminal contempt, because the statutes did not provide for such an appeal. We said, however, that it was not to be understood that no remedy existed. *Cossart* v. *State,* 14 Ark. 538. In 1880 we reviewed, without comment, a contempt case brought up by certiorari. *Harrison* v. *State,* 35 Ark. 458. In 1889 we held that since there was no statute limiting the time for issuing certiorari in contempt cases, the time for appeal would be adopted by analogy. *Burgett* v. *Apperson,* 52 Ark. 213, 12 S.W. 559. In 1903 review by certiorari was recognized as the proper remedy. *Ex parte Davies,* 73 Ark. 358, 84 S.W. 633. In 1918 a contempt case was brought up by appeal, but we treated it as being on certiorari and affirmed the decree. *Whorton* v. *Hawkins,* 135 Ark. 507, 205 S.W. 901. In 1950 we decided that although the review was by certiorari, we would review the evidence just as we would an appeal in any criminal case. *Blackard* v. *State,* 217 Ark. 661, 232 S.W.2d 977. Our cases have gradually reached the point at which in contempt cases there is no difference except in name between review by

certiorari and review by appeal. We now announce, as we did a few years ago with respect to review by certiorari in habeas corpus cases involving child custody: "Henceforth we shall call these proceedings by their true name, appeals, and shall regard them as being governed by the statutes [and rules] pertaining to appeals." *Faulks* v. *Walker*, 224 Ark. 639, 275 S.W.2d 873 (1955).

Reversed.