The Honorable Jimmy Jeffress State Senator Post Office Box 904 Crossett, Arkansas 71635-0904
Dear Senator Jeffress:
You have requested my opinion on the following questions concerning teachers called to jury duty:
 1. Can a school district require a teacher to use his/her Professional Leave days if called to jury duty on a regularly scheduled school day?
 2. If a teacher is called to jury duty on a regularly scheduled school day, can the school district require the teacher to pay back to the school district the per diem for his/her court assignment?
 3. Can a school district refuse to allow a teacher time off for jury duty?
 4. Can a school district refuse to give a teacher paid time off for jury duty?
RESPONSE
In my opinion, the answer to your first question probably depends upon the applicability of a certain state statute that prohibits employers from subjecting employees to loss of leave time for jury service. If the statute applies to school districts, then in my opinion the answer to your first question is "no." Because it is unclear, for the reasons explained below, whether the statute extends to school districts, I am unable to provide a definitive answer to this question. Legislative *Page 2 
clarification appears warranted. The answer to your second question is probably "yes," in my opinion. In my opinion, the answers to your third and fourth questions are "no" and "yes", respectively.
Question 1 — Can a school district require a teacher to usehis/her Professional Leave days if called to jury duty on aregularly scheduled school day?
It is my opinion that the answer to this question likely turns on whether A.C.A. § 16-31-106 (Repl. 1999) applies to school districts. If it does, then the answer to your question is "no." If it does not apply, then I believe the answer is "yes" because my research has not disclosed any state law that expressly applies to school districts and that prohibits a requirement of this nature.[1]
The key inquiry, then, is whether section 16-31-106 applies to school districts. This statute provides as follows:
 (a)(1) Any person who is summoned to serve on jury duty shall not be subject to discharge from employment, loss of sick leave, loss of vacation time, or any other form of penalty as a result of his or her absence from employment due to jury duty, upon giving reasonable notice to his or her employer of the summons.
 (2) No employer shall subject an employee to discharge, loss of sick leave, loss of vacation time, or any other form of penalty on account of his or her absence from employment by reason of jury duty.
 (b) Any person violating the provisions of this section shall be guilty of a Class A misdemeanor.[2] *Page 3 
This statute plainly prohibits an "employer" from requiring an "employee" to use his or her leave time for jury duty, as this would be a prohibited "form of penalty."[3] It is, however, unclear whether the statute extends to school districts. The language of the provision does not specify its exact applicability; and the Arkansas Supreme Court has never addressed the question.[4]
One potential argument in support of the view that section 16-31-106 has no application to school districts stems from the following statute which specifically prohibits counties, cities, and school districts from terminating an employee based on jury duty:
 The employment of an employee of any county, city, or school district in the State of Arkansas shall not be terminated by discharge, failure to renew contract, abolition of position, demotion, or transfer upon the grounds of or because of the service of the employee as a member of the General Assembly, as an election official, as a juror, as an elected official of any office which is not otherwise prohibited by the Arkansas Constitution, or in the performance of any duty required under the laws of this state.[5]
Because this statute only proscribes termination, one might argue based upon the principle expressio unius est exclusioalterius that the legislature did not intend to prevent these political subdivisions from requiring employees to use their leave time for jury service.[6] This would lend support to section 16-31-106's inapplicability to school districts. This argument might be buttressed by the absence of language similar to that of A.C.A. § 21-4-213(a), supra at n. 1, which clearly prevents the state from imposing such a requirement on state employees. *Page 4 
On the other hand, I can conceive of arguments to support the view that section 16-31-106 does apply to school districts. One holding that view might respond to the above expressio unius est exclusioalterius argument by pointing out that the statute prohibiting termination of a county, city, or school district employee because of jury service only addresses that form of penalty because that was the legislature's only focus. This is reflected in the statute's prohibition of termination on other grounds, i.e., "because of the service of the employee as a member of the General Assembly, as an election official, . . . as an elected official . . ., or in the performance of any duty required under the laws of the state."[7]
Thus, one could argue that it is unreasonable to conclude that the legislature, in prohibiting termination on these grounds, intended to subject these employees to other forms of penalty — such as loss of personal or other leave time — because of jury duty. It also seems inconsistent with the statute's spirit to conclude that this result was intended.
The latter observations might support the view that A.C.A. § 16-31-106 is not limited to the private sector and can be interpreted to prevent a school district from requiring teachers to use their vacation or other leave days if called to jury duty. It must also be recognized, however, that this statute imposes criminal penalties; and criminal statutes, when ambiguous or vague, must be strictly construed in favor of the defendant.[8]
The uncertain state of the law in this respect prevents me from offering a more definitive opinion on the question of whether a school district can require a teacher to use his or her professional leave days if called to jury duty. Legislative clarification on the issue appears warranted.
Question 2 — If a teacher is called to jury duty on aregularly scheduled school day, can the school district require theteacher to pay back to the school district the per diem for his/hercourt assignment?
You have provided no background information for this question, but I assume it is asked with respect to a teacher who was regularly compensated by the district during his or her jury service. In my opinion, the answer is probably "yes." *Page 5 
According to my research, a school district is not required by law to compensate a teacher during jury service.[9] If compensation is nevertheless provided, I believe requiring payment of the jury service fee back to the district would likely be viewed as reasonable, given the alternative of unpaid leave. See
response to Question 4, infra. I cannot, in any event, identify a clear prohibition against such a requirement.
Question 3 — Can a school district refuse to allow a teachertime off for jury duty?
The answer to this question is "no," in my opinion. As noted above, A.C.A. § 21-12-304(a) specifically prohibits a school district from terminating an employee because of his or her service as a juror. Any official violating this statute "shall be guilty of malfeasance in office and shall forfeit his or her office or position of employment and shall be guilty of a misdemeanor."[10] This statute reflects a clear public policy against placing an employee in a position of having to choose between continuing to work and ignoring a duty that is required by law. Refusing to allow a teacher time off for jury duty would violate the spirit, if not the intent, of this provision and likely fail to withstand scrutiny, in my opinion.
Question 4 — Can a school district refuse to give a teacherpaid time off for jury duty?
Yes. See response to Question 2 above.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Compare A.C.A. § 21-4-213 (Supp. 2009), which is part of the Uniform Attendance and Leave Policy Act, A.C.A. § 21-4-201 et seq., applicable to state employees. Subsection 21-4-213(a) states that "[a]n employee serving as a juror in state or federal court shall be entitled to full compensation in addition to any fees paid for such services, and such services or necessary appearances in any court shall not be counted as annual leave." This statute does not apply to school district employees. See Ops. Att'y Gen. 2010-049; 91-244; 88-099.
[2] A.C.A. § 16-31-106 (Repl. 1999).
[3] As interpreted by the Arkansas Supreme Court, based on its statutory history, section 16-31-106 does not require an employer tocompensate an employee during an absence while on jury duty.Frolic Footwear v. State,284 Ark. 487, 488, 683 S.W.2d 611 (1985) (noting that "[i]n the course of passing the bill, the legislature amended it to strike out the words `loss of pay' . . ." from the listed proscribed penalties.)
[4] Frolic Footwear, supra at. n. 2, involved a private employer, but its application outside that context was not at issue. It thus offers no guidance regarding school districts.
[5] A.C.A. § 21-12-304(a) (Repl. 2004) (emphasis added).
[6] The phrase expressio unius est exclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Gazaway v. Greene County EqualizationBoard, 314 Ark. 569, 575, 864 S.W.2d 233 (1993).
[7] A.C.A. § 21-12-304(a).
[8] Heikkila v. State,352 Ark. 87, 98 S.W.3d 805 (2003).
[9] Compare again A.C.A. § 21-4-213(a) (Supp. 2009). Seealso Frolic Footwear, supra at n. 2.
[10] Id. at (b)(1).