CARL WIDMER *v.* STATE OF ARKANSAS

5295                                            422 S. W. 2d 881

Opinion delivered January 22, 1968

*Carl Widmer*, petitioner, *pro se.*

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for respondent.

John A. FOGLEMAN, Justice. This is a petition for certiorari for review of the contempt conviction of Carl Widmer in the Sebastian Circuit Court. Petitioner apparently has been one of the most prolific litigants in that court and has appealed numerous decisions thereof to this court. Mr. Widmer has elected to exercise his right to plead and present his own cases, saying that he cannot afford to employ an attorney. His conviction of contempt arises out of an irritating and indiscreet habit of filing a motion asking the trial court to vacate virtually every decision adverse to petitioner which is embodied in an order or judgment. This practice persisted until the trial judge wrote a letter to petitioner on April 24, 1967. The reference title of the letter was: *Carl Widmer* v. *Modern Ford Tractor Sales, et al,* Sebastian Circuit No. 4776. With that letter, the judge returned to petitioner such a motion and stated his refusal to hear

it. In the letter the judge reminded petitioner of previous admonitions by the court against his habit of filing these motions without regard to merit. Not only did the judge repeat previous directions to Widmer to desist from frivolous pleadings, but he emphatically reiterated that he did not want another of the motions he described as frivolous, unmerited and provocative. The judge specifically pointed out that his caveat included any motions by whatever title seeking to have the court revoke or ignore a former order. An express warning was given that petitioner would make himself subject to summary punishment for contempt for imposing on opposing counsel, the clerk, and the court and interfering with its business. Not only did the trial judge post this letter, but he gave the same warning to petitioner in chambers on the day the letter was dictated but before it was mailed.

In spite of this, petitioner filed just such a motion in the case of *Carl Widmer* v. *Otis S. Tole,* No. 4726, on May 5, 1967, seeking to have vacated an order of dismissal and praying a summary judgment for petitioner. On May 12, 1967, according to a certified copy of the court's docket, petitioner was adjudged guilty of contempt of court and fined $50.00. Widmer paid the fine under protest in order to avoid incarceration for nonpayment.

Respondent questions the right of petitioner to a review of the proceedings because of his failure to include in the record a formal judgment. In all cases of criminal contempt there should be a judgment reciting a finding of the facts constituting the contempt. *Davies* v. *State,* 73 Ark. 358, 84 S. W. 633; *Meeks* v. *State,* 80 Ark. 579, 98 S. W. 378. Failure of the court to set forth the facts in its judgment does not void the proceedings, however, so the alleged contemnor must ask the court to so recite the facts or, in case of the court's refusal, bring the facts into the record by bill of exceptions. *Ex parte Chastain,* 94 Ark. 558, 127 S. W. 973. The respondent has very graciously and in keeping with the sense of

justice and fair play characteristic of the eminent trial judge, supplied all deficiencies by filing a complete transcript of the record and proceedings relating to petitioner's conviction. Consequently, we must review the record to determine the propriety of the trial court's action.

Petitioner has listed four points relied on by him for the granting of the writ. We deem it necessary to consider only the second one which is:

"Filing of motions or repeated motions in civil cases do not constitute contempt of court, so long as they do not contain any matter reflecting upon the integrity of the Court and are presented in a respectful manner."

Respondent urges that petitioner's conduct was an attempt to resist, disobey, evade and prevent the execution of a lawfully entered pretrial order; an abuse of legal process tending to obstruct or impede the administration of justice; and an open flouting and flagrant disobedience of the trial court's orders. The record reveals no direct evidence of these assertions except for a review of many such pleadings filed by petitioner.

The record further reveals that petitioner had been the plaintiff in at least 12 cases filed since January 1964, and the trial judge indicated that the petitioner was defendant in perhaps half as many. The judge also indicated that one or more motions for the court's reconsideration of its orders had been filed in most of these cases and that petitioner had made a very liberal, if not excessive, use of requests for admissions and motions for summary judgments.

The philosophy governing petitioner's procedural steps seems to be that if one makes persistent hypertechnical use of each pretrial step permitted by law, he will eventually emerge victorious in some case by windfall resulting from oversight by a careless opponent. It

well may be that the numerous motions for reconsideration of the court's rulings are dilatory.

We sympathize with the trial judge and can well understand how provoking and vexatious petitioner's tactics must have been to this judge whose court had the second highest rate of termination of cases of any single-judge district in Arkansas in 1966[1]. If every litigant pursued these same tactics, orderly disposition of litigation would be seriously impeded. Yet, the mere filing and presentation of a motion or of repeated, vexatious and dilatory motions do not constitute contempt of court, so long as they are not presented in a contemptuous or disrespectful manner and do not contain matter which is, of itself, contemptuous. *Johnson* v. *State*, 87 Ark. 45, 112 S. W. 143. As indicated in the cited case, the court may, in the exercise of its inherent powers, refuse to hear, or strike from the files,[2] any motions which are presented not to subserve the ends of justice but for vexation or delay. We do not mean to imply that a trial court may not adopt reasonable procedural rules not in contravention of statute governing the filing of motions for reconsideration of actions by the court.

The petition is granted and petitioner's conviction of contempt is quashed.

---

[1]See the Second Annual Report of the Judicial Department in Arkansas. In 1966, 8.69% of all cases terminated in the 18 judicial districts were handled in his district.

[2]There is doubt that this means physical removal from the files of a pleading in proper form, properly executed and verified, and not containing scandalous or impertinent matter. It could well be that any pleading filed should remain in the court's files, at least as long as there is any possibility of the necessity for use thereof on appellate review. It seems likely that it is only intended that such a pleading be "stricken from the files" in the sense that it no longer constitutes a part of the record to be considered by the trial court. See 71 C. J. S., Pleading, § 509; 4A C. J. S., Appeal & Error, § 740.