Norman WILLIAMS *v.* Loyde HUDSON, M.D.

94-1465                                    898 S.W.2d 465

Supreme Court of Arkansas
Opinion delivered May 30, 1995

*Carney & Cooper Law Firm P.A.*, by: *Mark F. Cooper*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *J. Michael Cogbill*, for appellee.

DONALD L. CORBIN, Justice. Appellant, Norman Williams, appeals an order of the Marion County Circuit Court refusing to reconsider its previous order granting summary judgment to appellee, Loyde Hudson, M.D., on appellant's claim for medical malpractice arising from a surgery to repair appellant's hiatal hernia. In its previous order, the trial court applied our decisions in *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), and *Thomas* v. *Cornell*, 316 Ark. 366, 872 S.W.2d 370 (1994), and ruled appellant's claim was barred by the two-year statute of limitations on medical malpractice claims, Ark. Code Ann. § 16-114-203 (Supp. 1993). The Arkansas Court of Appeals certified this case to us for statutory interpretation. Jurisdiction is therefore properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3), (d)(1).

Because the timely filing of a notice of appeal is essential to our jurisdiction, *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980), we first consider appellee's assertion that appellant's notice of appeal was not timely filed. The order granting appellee's motion for summary judgment was entered July 7, 1994. On July 12, 1994, appellant filed a motion to reconsider the granting of summary judgment. This motion also requested a new trial pursuant to Rule 59 of the Arkansas Rules of Civil Procedure on the grounds that the decision by the trial court was clearly contrary to the preponderance of the evidence and contrary to the law. On August 8, 1994, appellant amended his motion for reconsideration and new trial to include a claim that appellee was either estopped from relying on the statute of limitations or had waived the defense by waiting too long to pursue it.

The trial court entered an order on September 6, 1994, denying appellant's motion for reconsideration of the summary judgment and new trial. Appellant then filed a notice of appeal from the September 6 order on September 15, 1994. We note that the notice of appeal did not mention the July 7 order granting summary judgment. However, this court has previously held that a notice of appeal from an order denying a motion for new trial was

not defective in failing to refer to the original judgment, since an order denying a motion for new trial is final and brings up for review any preceding order involving the merits. *DeClerk* v. *Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982); *see* Ark. R. App. P. 2(b).

■ Appellee contends that, pursuant to Rule 4(c) of the Rules of Appellate Procedure, the motion for reconsideration and new trial was deemed denied on August 11, 1994, thirty days from the filing of the original motion. Therefore, appellee argues, for the notice of appeal to have been filed timely, it must have been filed by September 10, 1994, or within thirty days of the "deemed denied" date, August 11, 1994. This court has held that a trial court loses jurisdiction if a motion for new trial is not decided within thirty days from its filing pursuant to Rule 4(c), which provides that if a trial court neither grants nor denies a new trial motion within thirty days of its filing, the motion is deemed denied as of the thirtieth day. *Arkansas State Hwy. Comm'n* v. *Ayres*, 311 Ark. 212, 842 S.W.2d 853 (1992).

In his reply brief, appellant contends, in effect, that the filing of the amended motion for reconsideration and new trial on August 8 commenced a new thirty-day period from which the amended motion would be deemed denied for purposes of Rule 4(c). Thus, according to appellant, if the trial court had not ruled on the amended motion, it would have been deemed denied on September 7, thirty days from August 8, 1994. However, appellant points out that the trial court indeed entered an order denying the amended motion on September 6, 1994. Thus, appellant contends he had until October 6, 1994, thirty days from September 6, in which to file his notice of appeal. As he filed the notice of appeal on September 15, appellant contends it was timely filed.

■ Appellant cites no authority, and we are unaware of any, supporting his argument that an amendment to a posttrial motion begins anew the running of the Rule 4(c) thirty-day period for the filing of a notice of appeal. To the contrary, the better rule, though not expressly stated in the Rules of Appellate Procedure, is one similar to the rule on relation back of amended pleadings found at ARCP Rule 15(c), which provides that an amended pleading relates back to the date of the original plead-

ing upon specified conditions not relevant here. *See* ARCP Rule 15(c). For these purposes, we hold that a posttrial motion permitted by Rule 4(b) may be timely amended, but that the amendment will relate back to the date the original posttrial motion was filed and will not extend the time for filing the notice of appeal as provided in Rule 4(c). To hold otherwise would be to allow an appellant to prolong and extend indefinitely the time for filing an appeal simply by filing numerous posttrial motions and amendments. This court has previously disapproved, though not prohibited, the filing of numerous posttrial motions. *See Widmer* v. *State*, 243 Ark. 952, 422 S.W.2d 881 (1968).

In summary, appellee is correct in his assertion that the notice of appeal filed in this case on September 15, 1994, was not timely. The motion for reconsideration and new trial was deemed denied on August 11, 1994, thirty days after it was originally filed. The deadline for filing the notice of appeal was thirty days thereafter, or by September 10, 1994. Because the notice of appeal filed on September 15, 1994, was untimely, it leaves this court without jurisdiction to address the merits of this case and we must dismiss the appeal. *Eddings* v. *Lippe*, 304 Ark. 309, 802 S.W.2d 139 (1991).

Dismissed.