DAVIDSON PROPERTIES, LLC; Alex Davidson;
Robert Davidson; Glenn Davidson; Patricia Davidson *v.*
Rhonda SUMMERS; Rhonda Summers d/b/a Smoke Break

06-1251                                            244 S.W.3d 674

Supreme Court of Arkansas
Opinion delivered December 7, 2006

Appellant, pro se.

*Gibson Law Firm, PLLC*, by: *Jesse J. Gibson*, for appellee.

PER CURIAM. Appellant Glenn Davidson, appearing pro se, has filed a motion for rule on clerk, requesting that the record tendered to the Supreme Court Clerk's office on October 19, 2006, be accepted and filed by the clerk. Specifically, he suggests that the written agreement of all the parties to the entry of an order extending the time to file the record constitutes substantial compliance with Ark. R. App. P.–Civil 5(b) (2006). By way of response to the motion for rule on clerk, Appellee Rhonda Summers not only requests that the motion be denied, but she also asks this court to dismiss the appeal for lack of a timely notice of appeal.

The relevant chronology of events is as follows:

| Filing Date | Pleading/Order |
|---|---|
| March 17, 2006 | Motion to dismiss attorney for Appellee Rhonda Summers. |
| March 21, 2006 | Entry of judgment. |
| March 24, 2006 | Motion to prove Appellee Rhonda Summers committed perjury and dismiss judgment. |
| March 27, 2006 | Motion to dismiss case based upon alleged misuse of the Arkansas Rules of Civil Procedure. |
| March 31, 2006 | Motion for directed verdict based on alleged perjury by Appellee Rhonda Summers. |
| April 3, 2006 | Motion for judgment notwithstanding the verdict and for new trial. |
| May 17, 2006 | Pro se notice of appeal filed by Appellant Glenn Davidson. |
| August 8, 2006 | Order extending time to file record on appeal to October 19, 2006. |

As a threshold matter, we must point out that all posttrial motions and the notice of appeal have been filed pro se by

Appellant Glenn Davidson. In each of those proceedings, he purports to represent "the Davidson Family," that is, Davidson Properties, LLC, Alex Davidson, Robert Davidson, Glenn Davidson, and Patsy Davidson. While Appellant Glenn Davidson, appearing pro se, is certainly entitled to represent himself, his attempted appearance on behalf of other family members and Davidson Properties, LLC, constitutes the unauthorized practice of law. Ark. Code Ann. § 16-22-206 (1987); *see Abel v. Kowalski*, 323 Ark. 201, 913 S.W.2d 788 (1996) (holding that a person not licensed to practice law in this state cannot represent another). Furthermore, where a party not licensed to practice law in this state attempts to represent the interest of others by submitting himself or herself to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity. *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). Accordingly, to the extent that Appellant Glenn Davidson, appearing pro se, filed pleadings on behalf of other family members and Davidson Properties, LLC, such actions are rendered a nullity.

With regard to the timeliness of the notice of appeal filed by Appellant Glenn Davidson, appearing pro se, Rule 4(a) of the Arkansas Rules of Appellate Procedure – Civil provides that the notice of appeal shall be filed within thirty days from the entry of judgment. The time for filing the notice of appeal may, however, be extended if the appellant files "a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), *or any other motion to vacate, alter, or amend the judgment* made no later than 10 days after entry of judgment." Ark. R. App. P. – Civil 4(b)(1) (2006) (emphasis added). Upon the timely filing of a motion to vacate, alter, or amend the judgment, the time for filing a notice of appeal is extended to thirty (30) days from entry of the order disposing of "the last motion outstanding," or from the "deemed denied date," i.e., the thirtieth day from the filing of the motion if the court neither grants nor denies the motion. *Id.*

In the instant case, Appellant Glenn Davidson filed several posttrial motions. The motions filed on March 24 and March 31 asked the circuit court to dismiss or vacate the judgment based on allegations that Appellee Rhonda Summers perjured herself. While those motions may not have been clearly labeled, we look

to the substance of motions to ascertain what they seek. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997); *Jackson v. Ark. Power & Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992). The substance of the motions filed on March 24 and March 31 was an allegation that the judgment should be vacated on grounds of misconduct (perjury) by the prevailing party (Appellee Rhonda Summers).

■ We therefore conclude that Appellant Glenn Davidson, appearing pro se, filed motions to vacate the judgment no later than ten days after entry of judgment, thereby extending the time to file a notice of appeal. Because the last motion outstanding would have been deemed denied on April 30, 2006, the deadline for filing a notice of appeal was extended to May 30, 2006. Thus, Appellant Glenn Davidson, appearing pro se, filed a timely notice of appeal on May 17, 2006. In sum, we deny Appellee Rhonda Summers's motion to dismiss the appeal to the extent that Appellant Glenn Davidson appears pro se on his own behalf; however, we dismiss the attempted appeal on behalf of other family members and Davidson Properties, LLC, on grounds of the unauthorized practice of law.

■ We also conclude that Appellee Rhonda Summers, by and through her attorney, approved the timely entry of an order extending the time to file the record to October 19, 2006. By their written approval of the order, it is clear that the parties hereto had an opportunity to be heard on the motion. Consequently, based upon substantial compliance with Ark. R. App. P. – Civil 5(b), we direct the clerk to file the record in this case.

Motion to Dismiss Appeal granted in part and denied in part.

Motion for Rule on Clerk granted.