2011 Ark. 245

CENTENNIAL BANK, f/k/a
Community Bank,
Appellant,

v.

TRIBUILT CONSTRUCTION
GROUP, LLC, Appellee.

No. 10–610.

Supreme Court of Arkansas.

June 2, 2011.

Stuart W. Hankins and A. Vaughan Hankins, North Little Rock, for appellant.

Cody Thompson; and Meadors Law Firm, PLLC, by: C. Brian Meadors and Mandy Thomas, Fort Smith, for appellee.

KAREN R. BAKER, Justice.

Appellant Centennial Bank, f/k/a Community Bank ("Centennial"), brings this interlocutory appeal pursuant to Arkansas Rule of Appellate Procedure—Civil 2(a)(12) from the Sebastian County Circuit Court's denial of its motion to compel arbitration. *See Advance Am. Servicing of Ark., Inc. v. McGinnis*, 375 Ark. 24, 289 S.W.3d 37 (2008) (an order denying a motion to compel arbitration is an immediate-

ly appealable order). After the appeal was lodged with the court of appeals, appellee Tribuilt Construction Group, LLC ("Tribuilt"), filed a motion to dismiss essentially asserting that the notice of appeal was untimely. The Arkansas Court of Appeals certified the motion to dismiss, and we accepted the motion as a separate case, ordering the parties to file briefs on the issue raised in the motion to dismiss. Because the issue raised is one of first impression, we have jurisdiction to hear the motion to dismiss pursuant to Ark. Sup.Ct. R. 1–2(b)(1), (d)(2). We grant the motion and dismiss the appeal.

This case arises from the construction in Conway, Arkansas, of a Country Inn & Suites, which is owned by NISHA, LLC ("NISHA"), and is not a party in this appeal. Tribuilt was the general contractor that built the hotel. In order to finance the construction, NISHA entered into a construction-loan contract with Centennial. After Tribuilt completed the hotel and NISHA began operating it, Tribuilt requested payment for change orders and money from the retainage. NISHA refused to make any payments or release any retainage. Tribuilt then requested Centennial to release money from the retainage. Centennial refused. Tribuilt sued NISHA for breach of contract and various torts, and Tribuilt sued Centennial for various torts and for Tribuilt's rights as a third-party beneficiary. The circuit court ordered the NISHA–Tribuilt contract dispute to arbitration after finding that there was an arbitration provision in the contract. Tribuilt's tort claims against NISHA and Centennial were not ordered to arbitration. Centennial made multiple requests to compel arbitration, which the circuit court denied. Centennial then brought this appeal.

Tribuilt argues that we do not have jurisdiction to hear this appeal because Centennial's notice of appeal was not timely filed. A timely notice of appeal is essential to this court obtaining jurisdiction. *Stacks v. Marks,* 354 Ark. 594, 127 S.W.3d 483 (2003). The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *See, e.g., Jefferson v. Ark. Dep't of Human Servs.,* 356 Ark. 647, 158 S.W.3d 129 (2004). Arkansas Rule of Appellate Procedure—Civil 4 states that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." Ark. R.App. P.—Civ. 4(a). The timely filing of certain specific motions may extend the time for filing a notice of appeal. Ark. R.App. P.—Civ. 4(a), (b). The only motions that will extend the time are a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings pursuant to Rule 52(b), a motion for new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than ten days after entry of the judgment. Ark. R.App. P.—Civ. 4(b); *Reeve v. Carroll Cnty.,* 373 Ark. 584, 285 S.W.3d 242 (2008). If a timely motion is filed, the notice of appeal shall be filed within thirty days of the order disposing of the last motion outstanding; however, if the court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied as of the thirtieth day, and the notice of appeal must be filed within thirty days from that date. Ark. R.App. P.—Civ. 4(b).

The relevant chronology of events is as follows:

| Filing Date & Hearing | Document/Order/Filed |
|---|---|
| 11–4–2009 | Tribuilt files its Complaint |
| 11–24–2009 | Centennial moves to dismiss, alleging lack of juris- |

diction due to enforceable arbitration agreement

12–4–2009 Tribuilt files its Amended and Substituted Complaint

12–21–2009 Centennial moves to dismiss or stay, alleging that the court should order arbitration

12–28–2009 Court issues order denying all motions

1–4–2010 Centennial files another motion to dismiss or stay, alleging that the court should order arbitration & Answer

1–11–2010 Hearing held on motion to stay pending arbitration

1–12–2010 Court issues order denying Centennial's motion

1–21–2010 Centennial files a motion for reconsideration

3–19–2010 Court denies Centennial's motion for reconsideration

3–19–2010 Centennial files its notice of appeal

■ Tribuilt asserts that the motion to dismiss filed by Centennial on January 4, 2010, constituted a motion for reconsideration because it stated "mindful that the Court has entered its Order denying Centennial's prior [motion to dismiss but] deems it necessary to reassert such motions." Tribuilt cites us to *Davidson Properties, LLC v. Summers*, 368 Ark. 283, 244 S.W.3d 674 (2006) (per curiam), for the proposition that the substance of a motion is determinative—not its label. Centennial responds that the January motion was a new motion as evidenced by the following language from the entire paragraph:

> Being mindful that the Court has entered its Order denying Centennial's prior Motions to Dismiss or to Stay Proceedings and to transfer, Centennial, in order to preserve its objections to this Court's jurisdiction, deems it necessary to reassert such motions to evidence the fact that it is not voluntarily engaging in this litigation and waiving its claim that such matters should be compelled by the Court to be arbitrated. By this pleading, Centennial hereby demands that the plaintiff voluntarily enter into arbitration proceedings with regard to all of its claims for relief contained in its Complaint which are based, in whole or in part, upon the Exhibit "A" construction contract attached to its Complaint and all alleged breaches of various provisions of same.

Centennial specifically points to the language in the second sentence as proof that it is not requesting reconsideration, modification, or amendment of the December 28, 2009 order. As further proof that the motion is new, Centennial asserts that its motion also included an answer, which asserted a new demand for arbitration as required by statute. Finally, Centennial points to the language in the January 12, 2010 order, wherein the court stated that the January 4, 2010 motion had corrected procedural deficiencies and had requested the court to state the grounds for its denial of the motion—if the court denied the motion. This, Centennial contends, gave it no notice that the court was treating its motion as one for reconsideration.

Centennial asserts that the only motion for reconsideration was the one it filed on January 21, 2010. It contends that the March 19, 2010 order denying the January 21, 2010 motion was timely, and thus, its notice of appeal filed on the same date was timely. Finally, Centennial asserts that even if this court agrees with Tribuilt's position, such does not prevent it from filing a new motion for a change in circumstances or the trial court from sua sponte reconsidering its prior ruling before entry of a final judgment.

The January 4, 2010 motion is pivotal in determining whether we have jurisdiction to hear Centennial's appeal. The title given to a document is not controlling, but its effect, character, and sufficiency are to be determined by its substance regardless of what it is called. *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967); *see also Davidson Props., LLC,* ₁₆*supra.* Even the name given to a document by the circuit court is not controlling. *Thomas, supra.* The substance of a motion is ascertained by what it seeks. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997). While Centennial argues that its motion was a new one, and Tribuilt argues that it was one for reconsideration, neither party discusses whether the motion was an amendment.

Arkansas Rule of Civil Procedure 15 governs the amendments of pleadings. Our rules of civil procedure distinguish pleadings and motions. *See* Ark. R. Civ. P. 7. Also, the listing of the types of pleadings permitted under our rules does not include a motion as one of them. *See* Ark. R. Civ. P. 8. Although a motion is not within the ambit of Rule 15, this court has stated that a posttrial motion can be amended, and that such amendment relates back to the original document filed. *See Williams v. Hudson,* 320 Ark. 635, 638, 898 S.W.2d 465, 466 (1995). That reasoning is persuasive for this case. The January 4, 2010 motion was an amendment of the motion Centennial filed on December 21, 2009. The December 21, 2009 motion was entitled "Motion to Dismiss or Stay Proceedings or Alternatively, Motion to Transfer to the Circuit Court of Faulkner County, Arkansas and Incorporated Brief." The January 4, 2010 motion was entitled "Motion to Dismiss or Alternatively, Motion to Transfer to the Circuit Court of Faulkner County, Arkansas, Motion to Stay Proceedings and Compel Arbitration or Alternatively, Answer to Amended and Substituted Complaint." Both motions contain one paragraph that discusses arbitration, wherein the request for a stay and to compel arbitration was made because the matters in the lawsuit were allegedly subject to arbitration. ₁₇The paragraphs are almost identical. However, the January 4 motion differs from the December 21, 2009 motion because the January 4 motion added that Centennial "deems it necessary to reassert such motions" in order to preserve, or not waive, its claim that the issues raised in the complaint were subject to arbitration. In the motion, Centennial alternatively answered the amended complaint and attached as exhibit "A" an executed copy of "Assignment of Construction Contract." Centennial asserted that the exhibit proved that Tribuilt was not entitled to receive any funds held by Centennial until all conditions precedent had been satisfied. Centennial averred that the conditions precedent had not been satisfied. Because the January 4, 2010 motion substantively sought to correct procedural defects in the motion of December 21, 2009, its nature was that of an amendment.

An amendment relates back to the date of the original filing when the claim or defense asserted in the amended filing arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original filing. *See Williams v. Hudson,* 320 Ark. 635, 898 S.W.2d 465 (1995). Here, the circuit court's order of December 28, 2009, was already entered when the amended motion was filed, and the order entered on January 12, 2010 treated the motion as one for reconsideration, not as an amendment to the motion previously filed on December 21, 2009.

We conclude that the amended motion is not one of the postorder motions that extends the time for filing the notice of ap-

peal under Arkansas Rule of Appellate Procedure—Civil 4(b). Therefore, as it was a collateral motion, it did not extend the time for filing the notice of appeal. *See Ellis v. Ark. State Highway Comm'n,* 2010 Ark. 196, 363 S.W.3d 321. To be timely, Centennial was required to file its notice of appeal within thirty days of the order denying the motion to compel arbitration, which was entered on December 28, 2009. Centennial did not file its notice of appeal until March 19, 2010. Because the notice of appeal was untimely, we dismiss this appeal.

Dismissed.