# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-14-262

| | |
|---|---|
| | **Opinion Delivered**  October 29, 2014 |
| AL BRODBENT and EVALEE BRODBENT<br>APPELLANTS | APPEAL FROM THE CROSS COUNTY CIRCUIT COURT [NO. CV-2012-89-4] |
| V. | HONORABLE KATHLEEN BELL, JUDGE |
| CHARLEY SMITH, MINNIE PROCTOR, ERICK HESS, JOHNNY SMITH, and EDMOND ZIEGENHORN, Individually and as Trustees of the FAIR OAKS BAPTIST CHURCH, and FAIR OAKS BAPTIST CHURCH<br>APPELLEES | APPEAL DISMISSED |

**RHONDA K. WOOD, Judge**

The trustees of the Fair Oaks Baptist Church sued their former pastor, Al Brodbent, and his wife, Evalee, for ejectment and damages for continued trespass on church property. The circuit court granted the trustees' complaint and ordered the Brodbents to leave the property. However, the order was silent regarding damages. Al Brodbent, pro se, filed a notice of appeal. We must dismiss the appeal because the order appealed from is not final.

The members of the Fair Oaks Baptist Church voted to disband and give the church's assets and property to another church organization. Brodbent and his wife lived in the church parsonage but refused to leave the property, so the church's

trustees filed a complaint for ejectment and damages against them. Brodbent, pro se, answered and made a demand for a jury trial. Before the final hearing, he presented that motion to the circuit court. The court believed it had already denied the motion and asked the trustees' attorney, "Is that your understanding that the motion [for a jury trial] had previously been denied?" He answered, "Yes, your honor. Part of the consideration too was you required us to amend our complaint to remove any request for any money damages. So we're strictly wanting equity, equitable relief." The court still denied Brodbent's motion for a jury trial, and the case proceeded to a final hearing. At the end, the court granted the trustees' complaint.

The underlying cause of action was ejectment, and in ejectment actions plaintiffs may seek both possession and damages for lost rents and profits. Ark. Code Ann. § 18-60-209(a) (Repl. 2003). Here, the trustees sought both possession and damages. While their attorney said the complaint had been amended to remove the claim for money damages, the amended complaint included in the record still has the damages claim. Further, the court's order granting the complaint is silent regarding damages, and no other order disposes that claim.

An appeal may be taken from a final judgment or decree entered by a circuit court. Ark. R. App. P.–Civ. 2(a)(1) (2014). As a general rule, an order is not final and appealable until the issue of damages has been decided. *Delancey v. Qualls*, 2012 Ark. App. 328. Whether an order is final and appealable is a jurisdictional question that the appellate court must raise on its own. *Ford Motor Co. v. Washington*, 2012 Ark. 325.

Because the trustees' complaint included a claim for damages that was never addressed by the circuit court, we hold that the judgment now being challenged is not final. *See Brann v. Hulett*, 2012 Ark. App. 574; *Wright v. Viele*, 2012 Ark. App. 459. Therefore, we lack jurisdiction and dismiss the appeal.

We also note that Al Brodbent, acting pro se, filed a notice of appeal on behalf of his wife. Al Brodbent can represent himself, but because he is not an attorney he cannot represent his wife. *See Davidson Props., LLC v. Summers*, 368 Ark. 283, 244 S.W.3d 674 (2006). Where a party not licensed to practice law attempts to represent others by submitting himself to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity. *Id.*

Appeal dismissed.

GLOVER and VAUGHT, JJ., agree.

*James, House & Downing, P.A.*, by: *Charley E. Swann* and *Patrick R. James*, for appellants.

*Glover & Roberts*, by: *Danny W. Glover*, for appellees.