Cite as 2020 Ark. App. 184

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-19-503

DANNY LEWIS AND TAMI LEWIS
APPELLANTS

V.

DANNY JEWELL; CHARLOTTE
JEWELL; AND CHANDLER
INSURANCE AGENCY, INC.
APPELLEES

OPINION DELIVERED: MARCH 18, 2020

APPEAL FROM THE MILLER
COUNTY CIRCUIT COURT
[NO. 46CV-16-168]

HONORABLE DAVID N. LASER,
JUDGE

DISMISSED

## ROBERT J. GLADWIN, Judge

The Miller County Circuit Court granted judgment in favor of appellees Danny

Jewell, Charlotte Jewell, and Chandler Insurance Agency, Inc. ("Chandler"). Appellants

Danny Lewis and Tami Lewis moved to correct and amend the judgment, and the circuit

court denied the motion by order filed March 11, 2019. Appellants argue on appeal from

the March 11 order that the circuit court erred by denying their motion to amend because

(1) the final judgment does not match the jury's verdict and (2) there is no legal basis to

award attorney's fees on a breach-of-fiduciary-duty claim. We dismiss the appeal for lack of

jurisdiction.

The Jewells filed a complaint alleging that appellants had defaulted on two

promissory notes and owed them approximately $20,000. Appellants filed a counterclaim

against the Jewells and alleged intentional-defamatory torts against Danny Lewis.

Appellants also filed a third-party complaint against Chandler for recovery of alleged investments in excess of $50,000 and for income and shareholder distributions owed them. Finally, appellants claimed that appellees stripped Danny Lewis of his Arkansas insurance license without cause or due process. Chandler filed a counterclaim against appellants alleging breach of fiduciary duty and fraudulent concealment.

After a jury trial, final judgment was filed on January 15, 2019, wherein the Jewells were awarded $21,288.86 on their breach-of-contract claims and attorney's fees of $4,933.26. Chandler was awarded $48,510 in compensatory damages based on appellants' "fraudulent breach of fiduciary duty." Chandler was also awarded $38,264.87 in attorney's fees and expenses and $7,500 for "reasonable and necessary attorney's fees and expenses to be incurred in this matter for entry of judgment, postjudgment discovery, enforcement of judgment, and any appeal which may follow."

Appellants filed a motion to correct and amend judgment on January 21 arguing that the judgment's inclusion of the word "fraudulent" does not comport with the jury's verdict. Appellants moved that the judgment be amended by striking "fraudulent" pursuant Arkansas Rule of Civil Procedure 52(b)(1) (2019). Appellants stated in their motion that the attorney's-fee award to Chandler on the breach-of-fiduciary-duty claim should be struck. Chandler responded and argued that it was entitled to attorney's fees as the prevailing party and that "fraudulent" should remain in the judgment.

On March 11, the circuit court denied appellants' motion to correct and amend the judgment. Appellants filed a notice of appeal on March 27, and they filed an amended notice of appeal on May 28.[1]

Our supreme court has held that the lack of a timely notice of appeal deprives the appellate court of jurisdiction and is an issue the appellate court must raise sua sponte. *Ellis v. Ark. State Hwy. Comm'n*, 2010 Ark. 196, 363 S.W.3d 321. Whether an appellant has filed a timely and effective notice of appeal is always an issue before an appellate court; absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it. *Worsham v. Day*, 2017 Ark. 192, at 3–4, 519 S.W.3d 699, 701.

Rule 4 of the Arkansas Rules of Appellate Procedure–Civil, states:

(1) Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment *made no later than 10 days after entry of judgment*, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, *the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.*

---

[1]Appellees filed a motion to dismiss appeal with this court on August 16, arguing that appellants' failure to file a complete record as designated in their notices of appeal prejudiced and deprived them of their opportunity to refer this court to evidence and testimony that is relevant to a decision on appeal. *See* Ark. R. App. P.–Civ. 3 (2019). Appellants responded that a partial transcript is all that is necessary for a decision on appeal. This court passed the motion until the case was submitted. Because we lack jurisdiction on appeal, appellees' motion is moot.

Ark. R. App. P.–Civ. 4(b)(1) (2019) (emphasis added).

Appellants' motion to correct and amend judgment was filed on January 21, 2019, which was within ten days of entry of the final judgment on January 15. When no order was entered by February 20, the motion was deemed denied. Accordingly, appellants' notice of appeal was due within thirty days following, which was March 22. However, appellants did not file their notice of appeal until March 27; thus, the notice of appeal was not timely filed, and this court lacks jurisdiction.

When the trial court fails to act within the thirty-day period under Rule 4(b)(1), it loses jurisdiction to consider a motion to amend filed within ten days of the judgment. *See Murchison v. Safeco Ins. Co. of Ill.*, 367 Ark. 166, 238 S.W.3d 11 (2006); *Williams v. Hudson*, 320 Ark. 635, 898 S.W.2d 465 (1995). The fact that the circuit court filed an order denying the motion after the thirty-day time period makes no difference. *See Williams v. Office of Child Support Enf't*, 2013 Ark. App. 472 (motion for new trial was deemed denied by operation of law leaving circuit court without jurisdiction to enter an order denying the motion four days later; notice of appeal must be filed within thirty days from the deemed-denied date). Accordingly, this court does not have jurisdiction, and the appeal is dismissed.

Dismissed.

SWITZER and MURPHY, JJ., agree.

*David C. Graham*, for appellants.

*Gill Ragon Owen, P.A.*, by: *Aaron M. Heffington*; and *Crisp & Freeze*, by: *R. David Freeze*, for appellees.