Cite as 2021 Ark. App. 194

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV-20-328

| | |
|---|---|
| PHILLIP LEWIS; PHILLIP LEWIS ENGINEERING, INC.; AND ODS ENTERPRISES, LLC<br><br>APPELLANTS<br><br>V.<br><br>DR. WHITNEY GOODWIN AND GAYLE GOODWIN<br><br>APPELLEES | OPINION DELIVERED: APRIL 28, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-19-5392]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>APPEAL DISMISSED |

## ROBERT J. GLADWIN, Judge

Phillip Lewis and Phillip Lewis Engineering, Inc. (collectively Lewis), filed this one-brief appeal from the orders of the Pulaski County Circuit Court entered on November 18, 2019, and February 28, 2020, denying their motions to compel arbitration and mediation pursuant to Arkansas Code Annotated sections 16-108-101 et. seq. (Repl. 2016). Because Lewis failed to timely appeal the initial order denying their motion to compel mediation and arbitration, we must dismiss the appeal for lack of jurisdiction.

An order denying a motion to compel arbitration is an immediately appealable order. *Phillippy v. ANB Fin. Servs., LLC*, 2011 Ark. App. 639, at 8, 386 S.W.3d 553, 558 (citing *Centennial Bank v. Tribuilt Constr. Grp., LLC*, 2011 Ark. 245, 388 S.W.3d 897; *CEI Eng'g Assocs. v. Elder Constr. Co.*, 2009 Ark. App. 259, 306 S.W.3d. 447; Ark. R. App. P.–Civ. 2(a)(12) (2011)). We review a circuit court's order denying a motion to compel arbitration

de novo on the record. *Phillippy, supra* (citing *Advocat, Inc. v. Heide*, 2010 Ark. App. 825, 378 S.W.3d 779). In a de novo review, we analyze the evidence and the law without giving deference to the circuit court's rulings. *Phillippy, supra*. When the underlying dispute involves interstate commerce, the Federal Arbitration Act (FAA) applies. *Id*. State courts have concurrent jurisdiction with the federal courts to enforce rights granted by the FAA. *Id*. There is a strong national policy favoring the enforcement of arbitration agreements. *Id*. Arbitration is a matter of contract between parties. *Id*. In deciding whether a party has entered into an agreement to arbitrate under the FAA, courts are to apply general state law principles, giving due regard to the federal policy favoring arbitration. *Id*. The threshold question is whether there is a valid arbitration provision, which is a question of state law. *Id*. (citing *Gruma Corp. v. Morrison*, 2010 Ark. 151, 362 S.W.3d 898). The same rules of construction and interpretation apply to arbitration agreements as apply to contracts generally. *Id*.

A timely notice of appeal is essential to this court's obtaining jurisdiction. *Centennial Bank*, 2011 Ark. 245, 388 S.W.3d 897. The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Id*. Arkansas Rule of Appellate Procedure–Civil 4(a) (2020) states that "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from.". The timely filing of certain specific motions may extend the time for filing a notice of appeal. Ark. R. App. P.–Civ. 4(a), (b). The only motions that will extend that time are a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure; a motion to amend the court's findings of fact or to make additional findings pursuant to Rule 52(b); a motion for new

2

trial under Rule 59(a); or any other motion to vacate, alter, or amend the judgment made no later than ten (10) days after entry of the judgment. Ark. R. App. P–Civ. 4(b); *see also Centennial Bank*, *supra*. If a timely motion is filed, the notice of appeal shall be filed within thirty days of the order disposing of the last motion outstanding; however, if the court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied as of the thirtieth day, and the notice of appeal must be filed within thirty days from that date. Ark. R. App. P.–Civ. 4(b).

Lewis first filed a motion to compel arbitration on September 25, 2019, which included the following:

> The contract between Plaintiffs and ODS Enterprises, LLC, contains in paragraph ten (10) of the contract a mandatory mediation and arbitration clause. Therefore, this cause of action in this court should be stayed and the matters between all parties referred to mediation and arbitration as the contract provides. *Bank of Ozark v. Walker*, 2014 Ark. 223, 434 S.W.3d 357; *Asset Acceptance, LLC v. Newby*, 2014 Ark. 280, 434 S.W.3d 119.

That motion was denied pursuant to an order filed on November 18. Instead of appealing from the immediately appealable order denying the motion to compel arbitration within thirty days, Lewis waited until January 23, 2020. At that time, Lewis filed a pleading titled "Supplemental and Substituted Motion for Mediation and Arbitration Pursuant to the Arkansas Uniform Arbitration Act." In it, Lewis claimed to be asserting relief under the Arkansas Arbitration Act instead of the FAA. In the supporting brief, Lewis noted the circuit court's previous denial of the motion to compel mediation and arbitration but reiterated that this request for relief was being made pursuant to the Arkansas Arbitration Act instead of the FAA. Moreover, paragraph 14 of the second motion provided:

3

In the event the issue of the application of the Arkansas Arbitration Act was considered by the Court in its prior ruling on November 18, 2019, this Motion should be treated as motion for reconsideration, which is timely filed under Rule 54(b)(2), Ark. Rules of Civil Procedure. Section two (2) of Rule 54, provides any judgment, order, or other form of decision, however, designated, which adjudicates fewer than all claims or the rights and liabilities of fewer than all parties shall not terminate the actions as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Lewis offers no authority for this assertion, and we hold that the filing of the second supplemental and substituted motion in this matter failed to vest this court with jurisdiction when Lewis failed to timely file an appropriate appeal from the order denying relief. Moreover, in the initial motion to compel arbitration, there was no reference to the FAA or indication that Lewis was asserting entitlement to relief solely pursuant to the FAA. Instead, the motion simply stated that the court should stay the cause of action and refer the matter to mediation and arbitration.

In *Centennial Bank*, *supra*, our supreme court dismissed an appeal under similar facts:

The January 4, 2010 motion is pivotal in determining whether we have jurisdiction to hear Centennial's appeal. The title given to a document is not controlling, but its effect, character, and sufficiency are to be determined by its substance regardless of what it is called.

. . . .

An amendment relates back to the date of the original filing when the claim or defense asserted in the amended filing arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original filing. *See Williams v. Hudson*, 320 Ark. 635, 898 S.W.2d 465 (1995). Here, the circuit court's order of December 28, 2009, was already entered when the amended motion was filed, and the order entered on January 12, 2010 treated the motion as one for reconsideration, not as an amendment to the motion previously filed on December 21, 2009.

We conclude that the amended motion is not one of the post order motions that extends the time for filing the notice of appeal under Arkansas Rule of Appellate Procedure–Civil 4(b). Therefore, as it was a collateral motion, it did not extend the

4

time for filing the notice of appeal. *See Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321. To be timely, Centennial was required to file its notice of appeal within thirty days of the order denying the motion to compel arbitration, which was entered on December 28, 2009. Centennial did not file its notice of appeal until March 19, 2010. Because the notice of appeal was untimely, we dismiss this appeal.

2011 Ark. 245, at 6–8, 388 S.W.3d at 900–01.

In this case, the circuit court denied Lewis's first motion requesting arbitration on November 18, 2019; accordingly, the order denying the first motion had already been filed when Lewis filed the second supplemental and substituted motion on January 23, 2020. Following the analysis in *Centennial*, Lewis had thirty days from the November 18, 2019 order to file the notice of appeal, and the second supplemental and substituted motion did not operate to extend the time for filing the notice of appeal under Rule 4. Because Lewis failed to file a notice of appeal in this case until March 19, 2020, which was clearly untimely, we lack jurisdiction and must dismiss this appeal.

Appeal dismissed.

BARRETT and HIXSON, JJ., agree.

*David A. Orsini*, for separate appellants Phillip Lewis and Phillip Lewis Engineering, Inc.

One brief only.