Cite as 2021 Ark. App. 273

# ARKANSAS COURT OF APPEALS

No. CV-21-176

|  |  |
|---|---|
| STEVE ALEXANDER<br><br>APPELLANT<br><br>V.<br><br>ARVEST BANK<br><br>APPELLEE | **Opinion Delivered** May 26, 2021<br><br>APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT<br>[NO. 31CV-19-98]<br><br>HONORABLE CHARLES A. YEARGAN, RETIRED JUDGE<br><br>HONORABLE BRYAN CHESSHIR, JUDGE<br><br>MOTION GRANTED; APPEAL DISMISSED |

## PER CURIAM

This matter is before us on Arvest Bank's motion to dismiss the appeal filed by Steve Alexander. We grant the motion and dismiss the appeal.

On October 11, 2019, Arvest filed a complaint in the Circuit Court of Howard County against Hunter Alexander and Steve Alexander. An order of default judgment against the Alexanders was entered by the circuit court on November 21, 2019. On April 28, 2020, the Alexanders filed a motion to set aside the order of default judgment, and on June 22, the Alexanders filed a second motion to set aside the order of default judgment. On November 23, the circuit court entered an order that, among other things, denied both motions to set aside the order of default judgment. On December 7, the Alexanders filed a motion for new trial. The circuit court failed to rule on the motion, and on January 20, 2021, Steve Alexander

filed a notice of appeal from the circuit court's order denying the motions to set aside the order of default judgment and the deemed denial of the motion for new trial.

On April 23, Arvest moved to dismiss Steve's appeal contending this court lacks jurisdiction because his notice of appeal was not timely filed. Our supreme court has held that the lack of a timely notice of appeal deprives the appellate court of jurisdiction and is an issue the appellate court must raise sua sponte. *Lewis v. Jewell*, 2020 Ark. App. 184, at 3, 598 S.W.3d 67, 69. Whether an appellant has filed a timely and effective notice of appeal is always an issue before an appellate court; absent an effective notice of appeal, we lack jurisdiction to consider the appeal and must dismiss it. *Id.*, 598 S.W.3d at 69.

Arvest first argues that this court lacks jurisdiction because Steve's January 20, 2021 notice of appeal was not filed within thirty days of the November 21, 2019 order of default judgment. A notice of appeal shall be filed within thirty days from the entry of the judgment, decree, or order appealed from. Ark. R. App. P.–Civ. 4(a). Arvest is correct that Steve's notice of appeal was not filed within thirty days of the order denying the motions to set aside order of default; however, Steve is not appealing from the order of default judgment. He is appealing from the order denying the motions to set aside the order of default judgment and the deemed denial of his motion for new trial.

Arvest also argues that this court lacks jurisdiction because Steve's motions to set aside the order of default judgment—filed on April 28 and June 22, 2020—were not filed within ten days of the order of default judgment. However, Arkansas Rule of Civil Procedure 55(c) provides no time limit for seeking relief from default. "Our supreme court has explicitly held that '[n]o time limit for moving to set aside a default judgment is prescribed in the rule.'"

*Gurien v. Access Credit Mgmt., Inc.*, 2011 Ark. App. 711, at 3 (quoting *Marcinkowski v. Affirmative Risk Mgmt. Corp.*, 322 Ark. 580, 583, 910 S.W.2d 678, 681 (1995)); *see also Ascentium Cap., LLC v. Marshall*, 2021 Ark. App. 94, at 2 (acknowledging that the rules of civil procedure do not impose a deadline under which a party must file a Rule 55(c) motion to set aside a default judgment (citing *Epting v. Precision Paint & Glass, Inc.*, 353 Ark. 84, 110 S.W.3d 747 (2003))). Therefore, the motions to set aside the order of default were not untimely.

The dispositive event in this case for jurisdictional purposes is the circuit court's November 23, 2020 order denying the motions to set aside the order of default judgment. Our supreme court in *DePriest v. Carruth*, 334 Ark. 378, 379, 974 S.W.2d 471, 471 (1998) (per curiam), held that the appellant was required, pursuant to Arkansas Rule of Appellate Procedure–Civil 4(a), to file a notice of appeal within thirty days of the entry of the order denying the motion to set aside a default judgment. In the case at bar, it is undisputed that Steve failed to file a notice of appeal from the order denying the motions to set aside the order of default judgment within thirty days as required by Arkansas Rule of Appellate Procedure–Civil 4(a).

Steve contends that the time in which he had to file a notice of appeal from the November 23 order denying the motions to set aside was extended under Arkansas Rule of

Appellate Procedure 4(b)[1] because, on December 7, he filed a timely motion for new trial pursuant to Arkansas Rule of Civil Procedure 59.[2] We disagree.

Rule 59(b) provides that a motion for a new trial shall be filed no later than ten days after the entry of judgment. The only judgment entered in this case is the order of default judgment, and it is undisputed that Steve did not file his motion for new trial within ten days of entry of that judgment. Therefore, the Rule 59 motion did not extend any usual deadline to file a notice of appeal, and the motion did not invoke the deemed-denial rule on any motion.

Further, Rule 4(b), which Steve relies on to extend the time he had to file a notice of appeal, does not mention the filing of a posttrial motion with respect to setting aside an order of default judgment under Rule 55(c). Our supreme court has held that Arkansas Rules of Appellate Procedure–Civil 4(b), (c), and (d) do not contemplate motions to set aside default judgments and that the time constraints mandated by those provisions are inapplicable to such

---

[1]Rule 4(b) provides:

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Ark. R. App. P.–Civ. 4(b)(1) (2020).

[2]Steve's motion was filed within ten days because the intermediate Saturday and Sunday along with holidays were excluded from computation pursuant to Arkansas Rule of Civil Procedure 6(a).

4

motions. *DePriest*, 334 Ark. at 379, 974 S.W.2d at 471. If the provisions of Rule 4(b), (c), and (d) do not apply to motions to set aside default judgments, we do not see how these provisions can apply to motions seeking further review of orders denying motions to set aside default judgments.

In sum, under our civil and appellate rules and the circumstances of this case, Steve's "motion for new trial" did not extend the time period in which he had to file a notice of appeal. Because Steve failed to file a timely notice of appeal from the order denying the motions to set aside the default judgment, this court lacks jurisdiction of Steve's appeal, and we grant Arvest's motion to dismiss it.

Motion granted; appeal dismissed.

*Jessica Steel Gunter*, for appellant.

*Walker Law Firm, PLLC*, by: *Kent Walker*, *Derek Peterson*, and *Taylor Skipper*, for appellee.